## BRADFORD COUNTY.

JANUARY TERM, 1883, NO. 350.          MARCH 20, 1884.

## Hall *v.* Coburn.

In an action of ejectment the testimony of the defendant in effect was that he agreed with the plaintiff, who became the purchaser of land sold by order of the orphans' court for the payment of the debts of the defendant's father, that the plaintiff should convey the lands in dispute, part of the lands of decedent, to the defendant, and that defendant should maintain the family, and give to plaintiff defendant's share in the estate.

The testimony of the plaintiff in effect was that the defendant agreed to maintain the family, and give the share in the estate and the further sum of $100. Defendant was in possession and maintained the family. Plaintiff gave his note for the purchase money to the administrator of the estate of the father, "not to be negotiable, but to be held by the administrator until his final account is settled" and received his deed. This note constituted the whole estate. The administrator issued execution upon it, and the share of the defendant in the proceeds remained in the hands of the sheriff.

The Court charged the jury: That the plaintiff was, in any aspect of the case, entitled to recover the land, the recovery to be released or the verdict to be set aside upon the defendant's paying to the plaintiff, or paying into court for his use, such sum as under the agreement between the parties remained unpaid.

*Held*, there being no evidence that the defendant exercised any control over or interference with his share of the estate after the making of the contract, that this instruction was error.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Bradford County.*

Ejectment by W. F. Coburn against Isaac E. Hall, to recover forty-four acres of land in Tuscarora township, Bradford county.

[Hall *v.* Coburn.]

The following facts appeared at the trial, December 22, 1882, before McCollom, P. J.

Philip R. Hall, the father of Isaac E. Hall, the defendant, died the owner and in possession of a farm which included the land in controversy.    O. E. Pickett was appointed administrator of his estate.    In May, 1870, on application of the administrator, the orphans' court made an order authorizing the administrator to sell the farm for the payment of the debts of decedent.    In September, 1870, the administrator made his return, setting forth that he had made sale of the premises to J. G. Sterling, for the sum of $1,075.    The fund arising from this sale constituted the entire estate.    John Bishop, the guardian of some of decedent's minor children, filed exceptions to the sale on the ground of inadequacy of price.    The parties met in December, 1870, for the purpose of taking depositions.    The defendant testified that at this meeting a written agreement was executed between plaintiff and himself.    Evidence was offered of the loss of the instrument.    He further testified, *inter alia :*

"He agreed to give me one half of this eighty-five acres as it was called, and give me a deed of it as soon as he got his deed, and I was to support the family and take care of them, and make it a home for them, and give him my share, whatever it might be, when it was settled up.

Q. Your share of what?

A. My share that occurred from the sale of the place in the administrator's hands."

This testimony was corroborated by several witnesses.

As a result of this meeting, the bid of Sterling was transferred to the plaintiff, February 14, 1871, the return amended, the sale confirmed, and a deed given to the plaintiff.    The plaintiff gave to the administrator a judgment note for $793 29, payable in one year from the final confirmation of the sale, which provided that " this note is not to be negotiable, but to be held by administrator until his final account is settled, and not be collected until his account is finally confirmed by the court."

This note was not paid, and the administrator entered judgment upon it to September term, 1879, and issued execution.    Defendant's share in the proceeds of the execution remained in the hands of the sheriff.    The defendant was in possession of the real estate in dispute, and kept a home for the family until they were married.

The plaintiff denied the contract as alleged, and testified that the defendant made a verbal agreement with him by which defendant was to receive a deed for the forty-

[Hall *v.* Coburn.]

four acres of land upon giving his share in the estate, and the sum in addition of $100.

No deed had ever been made by the plaintiff to defendant for this land. The share of defendant in the estate of decedent after the payment of the debts was $68 20.

The plaintiff presented *inter alia* the following point:

V. That under all the evidence in this case the plaintiff is entitled to recover the land described in the writ, to be released unto the defendant upon the payment to the plaintiff by the defendant of the purchase price therefor agreed upon, or any part thereof.

*A.* I think this point is correct, and I affirm it.

The Court charged, *inter alia*, as follows:

[" Now, gentlemen, under the view we take in this case, the plaintiff is, in any aspect of it, entitled to recover this land. That recovery, however, to be released or the verdict in favor of the plaintiff to be set aside upon the defendant's paying to the plaintiff, or paying into court for his use, such sum as under the agreement between the parties, whatever you may find that to be, remains unpaid. If you find that there was a written contract by which this land was to belong to Hall, he giving for it his share or interest in his father's estate, then the plaintiff would be entitled to recover in this case the land described in the writ, that recovery to be set aside upon the defendants paying to him, or into court for his use, the value of that share."]

[" The form of your verdict will be that you find for the plaintiff the land described in the writ with costs, to be released upon the defendant's paying so much, stating the sum that you find the defendant should pay in order to hold this land within such a time, naming the time within which you think he should pay it."]

On December 23, 1883, the jury rendered the following verdict: "The jury aforesaid do say in their verdict, on their oaths, that they find in favor of the plaintiff the land described in the writ, and costs, to be set aside and judgment entered for the defendant on his paying into court, for the use of the plaintiff, the sum of $76 20, with interest and costs within ninety days."

December 28, 1883—Judgment upon the verdict.

The defendant thereupon took this writ, assigning for error, *inter alia*, the answer to the plaintiff's point as above, and the portions of the charge in brackets.

*Davies & Hall* for plaintiff in error.

[Hall v. Coburn.]

Coburn was a trustee *ex maleficio* for the plaintiff in error: Wolford *v.* Herrington, 86 Pa. St. R., 39; Lynch *v.* Cox, 23 *Id.*, 265; Beck *v.* Graybill, 28 *Id.*, 66; Seylar *v.* Carson, 19 Smith, 86.

The plaintiff in error should not have been held for costs, as the defendant in error failed to tender a deed.

The plaintiff in error fully performed the agreement in writing where execution was amply proved. He left in the hands of the sheriff his portion of his father's estate, and this was under Coburn's control, and virtually in his possession: Thomas *v.* Wright, 9 S. & R., 93; Devling *v.* Williamson, 9 Watts, 311.

*N. C. Elsbree, H. N. Williams, Llewellyn Elsbree, E. J. Angle* for defendant in error.

April 21, 1884, the decision of the Court was delivered by TRUNKEY, J.:

It is admitted that the parties contracted for the sale and purchase of the land in controversy, but they differ respecting the price and kind of contract. The plaintiff avers the contract was oral; that he was to convey upon payment of all the purchase money, and that Hall was to give his share of his father's estate and the further sum of one hundred dollars. It appears that, at the date of the making of the contract, the estate was merely the purchase money of land sold by the administrator at orphans' court sale, and, by arrangement, Coburn was to take the place of the bidder; some debts and expenses were to be paid out of that money. On May 1, 1871, Coburn gave his note to the administrator, which was not to be negotiable, and not to be collected until confirmation by the court of the final administration account. The defendant alleges there was a written agreement that Coburn would convey the land to him soon as he received his deed from the administrator; that defendant would take care of the family and make the land a home for them, and give his share of his father's estate, whatever it might be when settled, to Coburn. Whichever of the alleged contracts is the true one, the case is simple. No trust relation is involved. Upon the verity of Coburn's allegation, he is entitled to one hundred dollars and Hall's share of the estate, and is not bound to make a deed till payment. If the contract be as alleged by Hall, he was to give nothing but his share in the estate, and Coburn was bound to convey to Hall soon as he got his deed from the administrator. Coburn already

had the share in his hands, and was not bound to pay it to the administrator until settlement of his account. The contract to give the share was virtually executed. If the administrator collected the note, Coburn was entitled to receive from him the share he purchased from Hall. There is no complaint that Hall did not give the care and home to the family as he agreed, and they were interested in that part of the contract, not Coburn. It is unlikely that Coburn would have been allowed to take the place of the bidder had he not made the contract to sell this part of the land to Hall. The contract imposed no duty on Hall respecting the settlement of the estate— he has not received any money, directly or indirectly, from the administrator on the share he gave to Coburn. If it has been left in the hands of the sheriff, so far as shown, it is neither merit nor fault in Hall; had he taken it, he would have been in fault. Then, if the contract was made, as Hall alleges, and he has not in any way hindered Coburn from receiving and realizing the share of the estate, he owes Coburn nothing.

The amount of money named in the verdict to be paid to release the land indicates that the jury found the contract as alleged by defendant, and that he had performed his part. If so, it is unjust that he be made to pay costs. The plaintiff should have delivered him a deed for the land instead of suing him. But if the jury found that he was to pay one hundred dollars, besides the share of the estate, the plaintiff was entitled to a verdict for the land, to be released upon payment of the amount due and costs.

The jury were instructed that, under all the evidence in the case, the plaintiff was entitled to recover the land, to be released upon the payment by defendant of the purchase price therefor, or any part thereof, and costs. That was correct, if the defendant owed any purchase money. Upon the facts alleged by the plaintiff, upon the evidence alone adduced by him, there is no error in the instructions set out in the third, fourth, and fifth assignments. Upon the facts alleged by the defendant, the plaintiff had no right to a verdict for the land. How could the jury find that the defendant should pay the amount of the share of the estate, if he had abstained from control over, or interference with, or receipt of that share after the making of the contract? As the case comes, no evidence appears to warrant inference that he exercised any control over the share of the estate after the contract. If the administrator or other persons

caused the note to be collected by the sheriff, that of itself did not obligate the defendant to ascertain and receive the distributive share and pay it over to the plaintiff. The last three assignments must be sustained, for the instructions should have been properly adapted to whichever condition of facts the jury were warranted in finding from the testimony. Under proper instructions they might have found a verdict for the defendant.

Judgment reversed and *venire facias de novo* awarded.